1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GRANVILLE WILLIAM SMITH,                 No.  2:15-cv-1614 MCE CKD P

12              Plaintiff,

13        v.                                  ORDER

14   T. HERNANDEZ,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to

18   42 U.S.C. § 1983, and is proceeding in forma pauperis.  This proceeding was referred to this court

19   pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  Plaintiff's amended complaint is now

20   before the court.

21        The court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

26        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

27   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

28   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

                                         1

1    indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

2    490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

3    pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

4    Cir. 1989); Franklin, 745 F.2d at 1227.

5          A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

6    which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

7    support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467

8    U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

9    Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under

10   this standard, the court must accept as true the allegations of the complaint in question, Hospital

11   Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

12   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

13   McKeithen, 395 U.S. 411, 421 (1969).

14         After conducting the required screening, the court finds that plaintiff's amended complaint

15   fails to state a claim upon which relief can be granted. Plaintiff seeks monetary damages based

16   upon allegations that eleven defendants placed false information in his prisoner central file

17   indicating that he is a member of a gang. Plaintiff asserts this has caused him to "defend

18   himself." These allegations are simply too vague as plaintiff fails to provide any specific facts in

19   the body of his complaint describing the actions of any defendant and how those actions caused

20   him any legally-actionable injury. The court has surmised from the exhibits attached to plaintiff's

21   complaint that it is at least possible that plaintiff's claims stem from the fact that on April 26,

22   2006, defendant Kirkland issued a report that reads as follows:

23         On Wednesday, April 26, 2006, at approximately 2130 hours you
           Inmate SMITH K68945 refused to move into a cell with another
24         black inmate. You said you would live with a peaceful non-
           affiliated black. You claim to be a PIRU and said you will only
25         house with the like wise inmates. Based in the aforementioned, you
           are deemed a threat to the safety and security of the institution and
26         will be retained in [administrative segregation] Pending Case
           Review. . .
27

28   /////

1    However, the statute of limitations applicable to this action is two years, with two years of tolling

2    when a litigant is incarcerated.[1]  Accordingly, any claims arising from something that happened

3    in 2006 are most likely time barred.

4        For all of these reasons, plaintiff amended complaint will be dismissed.  Plaintiff will be

5    granted leave to amend one final time to attempt to state a claim upon which relief can be granted.

6        Any claims presented in the second amended complaint should not violate the limitations

7    period applicable to this action.  Also, as plaintiff has already been informed, if plaintiff chooses

8    to file a second amended complaint, plaintiff must demonstrate how the conditions complained of

9    have resulted in a deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v.

10   Cassidy, 625 F.2d 227 (9th Cir. 1980).  The second amended complaint must allege in specific

11   terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983

12   unless there is some affirmative link or connection between a defendant's actions and the claimed

13   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

14   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

15   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

16   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

17       Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

18   make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended

19   complaint be complete in itself without reference to any prior pleading.  This is because, as a

20   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

21   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original

22   pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as

23

24   [1]  The forum state's statute of limitations for personal injury actions applies to actions brought
     under 42 U.S.C. § 1983.  Wilson v. Garcia, 471 U.S. 261, 265 (1985).  The statute of limitations
25   for civil actions filed in California is two years, as set forth at California Civil Procedure Code
     Section 335.1, which is the applicable statute in § 1983 actions.  See Maldonado v. Harris, 370
26   F.3d 945, 954 (9th Cir. 2004).  The federal court also applies the forum state's law regarding
     tolling, including equitable tolling when not in conflict with federal law.  Hardin v. Straub, 490
27   U.S. 536, 537–39 (1989).  California provides that the applicable limitations period is tolled for
     two years on grounds of "disability" when a litigant is incarcerated.  Cal. Code Civ. P. § 352.1(a).

1  in an original complaint, each claim and the involvement of each defendant must be sufficiently

2  alleged.  All allegations of fact must be included in the body of the second amended complaint.

3  While exhibits may be attached, they are generally not necessary and the court will not scour

4  pages of exhibits in order to piece together a claim upon which plaintiff might proceed.

5          In accordance with the above, IT IS HEREBY ORDERED that:

6          1.  Plaintiff's amended complaint is dismissed; and

7          2.  Plaintiff is granted thirty days from the date of service of this order to file a second

8  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

9  of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the

10  docket number assigned this case and must be labeled "Second Amended Complaint"; failure to

11  file a second amended complaint in accordance with this order will result in a recommendation

12  that this action be dismissed.

13  Dated:  March 17, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18  1
    smit1614.14a
19

20

21

22

23

24

25

26

27

28

4