UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANVILLE WILLIAM SMITH,<br><br>              Plaintiff,<br><br>       v.<br><br>T. HERNANDEZ, et al.,<br><br>              Defendants. | No.  2:15-cv-1614 MCE CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. On March 17, 2016, the court screened plaintiff's amended complaint and dismissed it with leave to amend. Plaintiff has now filed a second amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

1 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
2 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
3 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
4 Cir. 1989); Franklin, 745 F.2d at 1227.

5     A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
6 which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
7 support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467
8 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
9 Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under
10 this standard, the court must accept as true the allegations of the complaint in question, Hospital
11 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
12 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
13 McKeithen, 395 U.S. 411, 421 (1969).

14     After conducting the required screening, the court finds that plaintiff's second amended
15 complaint again fails to state a claim upon which relief can be granted. While the court gave
16 plaintiff detailed suggestions about the ways in which his pleadings should be modified in order
17 to state a claim upon which relief could be granted, plaintiff's second amended complaint still
18 suffers from the same problems as the first. Most notably, the allegations are simply too vague to
19 demonstrate that any defendant caused plaintiff any actionable injury. Further, plaintiff has not
20 explained why most, if not all, of his claims are not time-barred. For these reasons, the court will
21 recommend that plaintiff's second amended complaint be dismissed, and this case be closed. The
22 court does not dismiss plaintiff's complaint with leave to amend a third time as that appears futile,
23 especially given the information provided to plaintiff on the dismissal of his first amended
24 complaint which plaintiff essentially ignored.

25 /////
26 /////
27 /////
28 /////

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's second amended complaint be dismissed; and

2. This case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."   Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 17, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
smit1614.14(2)